UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRO CARE INC., d/b/a FRIENDLY CARE MEDICAL TRANSPORTATION, | Civ. No. 13-3506 (KM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| THOMAS SMITH, ET AL., | |
| Defendants. | |

This matter having come before the Court by way of plaintiff's notice of removal from the Superior Court of New Jersey, Chancery Division, Middlesex County, alleging that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, specifically, because defendant Thomas Smith ("defendant") filed an answer including a counterclaim asserting that plaintiff violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) & 207(a), see Notice of Removal ¶¶ 1–6, June 6, 2013, ECF No. 1;

and, on June 14, 2013, this Court having entered an Order requiring plaintiff to show cause in writing "explaining whether and how subject matter jurisdiction exists in this matter, with supporting documentation attached,"[1] see Order, June 14, 2013, ECF No. 4;

---

[1] Specifically, the Court noted that a party may remove a case filed in state court to federal court only if "the plaintiff's complaint establishes that the case arises under federal law." Order, ECF No. 4, at 2 (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983) (citations and emphasis omitted)). The Court found that federal question jurisdiction cannot arise from potential defenses or counterclaims, see Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."), and that a counterclaim alone never provides federal question jurisdiction that would allow a party to remove a case from state court to federal court, see Holmes Group, Inc. v.

(continued...)

and, on June 28, 2013, plaintiff having filed a letter in response to the Court's June 14, 2013 Order to Show Cause, consenting to the remand of this matter "to the Superior Court of New Jersey, Middlesex County," see Pl.'s Letter, June 28, 2013, ECF No. 5;

and plaintiff having filed an additional letter, dated August 1, 2013, requesting a telephone conference with the Court to discuss why defendants had allegedly declined to execute plaintiff's proposed Consent Order remanding the matter to the Superior Court of New Jersey, Middlesex County, see Pl.'s Letter, Aug. 1, 2013, ECF No. 6;

and the Court having heard argument on the record during a telephone status conference on August 15, 2013;

and for the reasons set forth on the record during that August 15, 2013 conference;

IT IS on this 15th day of August 2013,

RESPECTFULLY RECOMMENDED that the District Court remand this case to the Superior Court of New Jersey, Middlesex County.[2] The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ Michael A. Hammer<br>
**Hon. Michael A. Hammer**<br>
**United States Magistrate Judge**

Date: August 15, 2013

---

[1](...continued)
Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002) (establishing that "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction"). Order, ECF No. 4, at 2.

[2] The Court has no jurisdiction to decide, and therefore takes no position, on what Division this matter should be remanded to within the Superior Court of New Jersey, Middlesex County.